1  WILSON PETTY KOSMO & TURNER LLP
   VICKIE E. TURNER (106431)
2  CHRISTIAN S. SCOTT (200218)
   550 West C Street, Suite 1050
3  San Diego, California  92101
   Telephone:  (619) 236-9600
4  Facsimile:   (619) 236-9669

5  Attorneys for Defendant
   GENERAL MOTORS CORPORATION
6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 | MONIQUE GUERRERO, A Minor, by and through her Guardian ad Litem, ELIZABETH GUERRERO; ELIZABETH GUERRERO, Individually, | Case No.  1:06-CV-01539-LJO-SMS
12 | |
13 | | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND ORDER THEREON**
14 |         Plaintiffs, |
15 |     v. |
16 | GENERAL MOTORS CORPORATION; TAKATA SEAT BELTS, INC.; and DOES 1 through 50, |
17 | |
18 |         Defendants. |

19

20                    **<u>PROTECTIVE ORDER</u>**

21         The parties having stipulated to the entry of this Protective Order in order to facilitate

22 discovery in the above-entitled action, and the court being duly advised, IT IS ORDERED that the

23 following provisions and conditions shall govern the parties in this action:

24         1.      When used in this Stipulation and Protective Order, the word "information" means all

25 written material, videotapes, live-action film and all other tangible items, whether produced as hard

26 copy, website, computer diskette, CD-ROM or otherwise.

27         2.      In response to discovery in this matter, General Motors Corporation ("General

28 Motors") and Takata Seat Belts, Inc. ("Takata") have identified materials that they consider

                                              1

1 proprietary and competitively sensitive, and that they wish to protect from dissemination outside this
2 litigation.  Additionally, General Motors and Takata may produce information from their suppliers
3 or affiliated companies which they have been authorized, on behalf of said suppliers or affiliated
4 companies, to designate as confidential.  This Order shall control the disclosure and dissemination of
5 such documents and information, and shall apply to all parties in this action and to other persons as
6 described herein.

7     3. General Motors and Takata shall designate material as confidential only after
8 determining that the material contains a trade secret or other confidential research, development, or
9 commercial information or is otherwise considered confidential under applicable law, including
10 California Civil Code § 3426.1, which provides:

11     "Trade secret" means information, including a formula, pattern,
    compilation, program, device, method, technique, or process, that:
12
    (1)  Derives independent economic value, actual or potential,
13     from not being generally known to the public or to other persons who
    can obtain economic value from its disclosure or use; and
14
    (2)  Is the subject of efforts that are reasonable under the
15     circumstances to maintain its secrecy.

16 This information includes confidential and proprietary information, and documents or things which
17 concern, reflect, embody or constitute the foregoing and may include, but shall not be limited to,
18 correspondence, memoranda, notes, deposition transcripts and exhibits, plans, specifications,
19 blueprints, drawings, test reports, test procedures and test manuals.

20     4. In responding to written discovery, General Motors and Takata (the party producing
21 Confidential Information is referred to as the "Producing Party") may designate any portion of their
22 response which contains trade secret or other confidential research, development, or commercial
23 information or information otherwise considered confidential under applicable law by marking the
24 material, in a manner which will not interfere with its legibility, with the words "This document is
25 subject to a Protective Order in *Monique Guerrero, a Minor et al. v. General Motors Corporation,*
26 *et al.*" or "Confidential" or similar designation.  Said designation shall apply to all copies, prints or
27 all documents marked confidential and shall make all such documents subject to this Stipulation and
28 Protective Order.

PDF created with pdfFactory trial version www.pdffactory.com

5.      To the extent that any Confidential Information is used in the taking of depositions, such portions of such depositions shall be taken only in the presence of those persons identified in paragraph 6 below and the court reporter and videographer, and all such Confidential Information shall remain subject to the provisions of this Stipulation and Protective Order, along with the transcript pages of the deposition testimony dealing with the Confidential Information.  At the time any Confidential Information is used in any deposition, the reporter and videographer will be informed of this Stipulation and Protective Order and will be required to operate in a manner consistent with this Stipulation and Protective Order, and the reporter shall separately label the confidential portions of the deposition transcript.  In any deposition, if the deponent's testimony is deemed confidential, the Producing Party will notify all counsel in writing of the page and line numbers of the testimony deemed confidential within thirty (30) days of the deposition.  Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

6.      Except as provided in paragraph 18, any information designated confidential ("Confidential Information") that the Producing Party provides to a party may be disclosed only to parties and/or immediate employees of the parties' counsels' law firms, and other individuals legitimately assisting the parties in the preparation of this matter for trial, such as the parties' consultants and experts.

7.      Except as provided in paragraph 18, any recipient of Confidential Information ("Receiving Party") shall not disclose the Confidential Information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such Confidential Information for purposes other than preparation of this action for trial.  Any Receiving Party shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of Confidential Information in order to ensure that its confidential nature is maintained.

8.      Any Receiving Party, by accepting its receipt, agrees to be subject to the jurisdiction of this court in connection with any proceeding or hearing relating to the Confidential Information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

Case No. 1:06-CV-01539-LJO-SMS
STIPULATION FOR PROTECTIVE ORDER AND PROPOSED ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

9. The Receiving Party of Confidential Information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute a written assurance of the type attached as Exhibit "A," certifying that the Receiving Party will not disclose Confidential Information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the Receiving Party will not use any Confidential Information in any way whatsoever other than for purposes of this action or substantially similar litigation, and that the Receiving Party has read this Protective Order and agrees to be bound by its terms. The original of each written assurance shall be maintained by counsel for the Receiving Party disclosing the material and furnished to counsel for Producing Party upon the conclusion of this litigation. The Receiving Party disclosing the material shall also maintain and furnish to counsel for the Producing Party at the conclusion of the litigation a list or description of which Confidential Information has been disclosed to each recipient.

10. There shall be no reproduction or copying of Confidential Information except for those people authorized to receive information pursuant to this Order after execution of a written assurance.

11. Because this case is subject to electronic filing, the filing of any documents and materials that contain Confidential Information shall be filed in accordance with Local Rule 39-140(d) and Local Rule 39-141(a)-(g).

12. If a Receiving Party intends to introduce into evidence any information designated as Confidential at the time of trial, they shall give timely notice of such intention to counsel for the Producing Party at the time of, or prior to, the exchange of Pretrial Disclosures that are required pursuant to FRCP 26(a)(3), and counsel for the Producing Party shall then have the burden to obtain a ruling regarding sealing of the record within seven court days. Until such ruling is obtained from the court, the Confidential Information shall be lodged with the court conditionally under seal. In any event, a Receiving Party intending to introduce Confidential Information must allow sufficient time to address the issue of preserving confidentiality with the court. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at or before

PDF created with pdfFactory trial version www.pdffactory.com

the trial.

13. After the conclusion of this action, this Order shall continue to apply to all Confidential Information provided by the Producing Party and the court shall retain jurisdiction over all recipients of such Confidential Information for purposes of enforcing the provisions of this Order.

14. At the conclusion of this case, all documents and copies designated as Confidential shall be returned to the Producing Party's counsel at the Producing Party's expense. This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, or reproductions or abstracts of such materials. All persons, including counsel, who have received documents subject to this Stipulation and Protective Order, shall execute a declaration (Exhibit "B," annexed hereto) acknowledging that they have complied with the Stipulation and Protective Order and that no copies of documents containing Confidential Information have been retained. The Receiving Party's counsel shall forward the declarations signed by the Receiving Party's retained experts and consultants who were designated or disclosed during this case to the Producing Party's counsel. In the case of consultants retained by the Receiving Party's counsel who were not disclosed or designated to the Producing Party, the Receiving Party's counsel will execute and deliver to the Producing Party's counsel a declaration acknowledging that the Receiving Party's retained experts' and consultants' have signed Exhibit "B" declaring that they have complied with the Stipulation and Protective Order.

15. In the event that any Receiving Party disagrees with the Producing Party's designation of any item as Confidential and subject to this Protective Order, that party shall, up until the time of trial, send a written notice to the Producing Party's counsel specifying the items in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party supporting continued confidentiality shall proceed to file a motion with this court seeking a determination of whether the items are properly subject to this Protective Order. Any such items shall continue to be treated as confidential and subject to this Order until such time as the court rules that the items are not entitled to confidential treatment.

16. No party or their respective counsel, experts or other persons retained by them to assist in the preparation of this action shall under any circumstances sell, offer for sale, advertise or

5

Case No. 1:06-CV-01539-LJO-SMS
STIPULATION FOR PROTECTIVE ORDER AND PROPOSED ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

publicize either the contents of Confidential Information or the fact that the Producing Party may have produced Confidential Information in connection with this litigation.

17. No inadvertent production of documents or other physical objects shall constitute a waiver of the attorney-client privilege or work product immunity, if the Producing Party: (1) notifies the Receiving Party that such documents or things were inadvertently produced and are subject to attorney-client privilege or work product immunity; and (2) requests that the Receiving Party return any such documents or things. Upon such a request, the Receiving Party shall immediately return to the producing Party all originals and all copies of the documents or things for which the producing Party claims attorney-client privilege or work product protection pursuant to this paragraph. Nothing herein shall prevent the Receiving Party, after returning the documents or things, from challenging the claim of attorney-client privilege or work product immunity by filing a motion to compel, PROVIDED HOWEVER, that the Receiving Party may not claim as grounds for such a motion that the Producing Party has waived attorney-client privilege or work product protection by producing the documents and things in this case. Nothing in this paragraph circumvents applicable case law pertaining to attorney-client privilege or the work product doctrine.

18. This Stipulation shall become effective immediately upon execution and may be executed in counterpart and/or by duplicate original.

Dated:   February 20, 2007          **MILES, SEARS & FANNI**

By:      /s/  Douglas L. Gordon
         Richard C. Watters
         Douglas L. Gordon
         Attorneys for Plaintiffs

PDF created with pdfFactory trial version www.pdffactory.com

| | | |
|---|---|---|
| 1 | Dated:   February 20, 2007 | **WILSON PETTY KOSMO & TURNER LLP** |

By:   /s/  Christian S. Scott
Vickie E. Turner
Christian S. Scott
Attorneys for Defendant
GENERAL MOTORS CORPORATION

Dated:   February 20, 2007    **LAW OFFICES OF EUGENE M. GENSON**

By:   /s/  Eugene M. Genson
Eugene M. Genson
Attorney for Defendant
TAKATA SEAT BELTS, INC.

**O R D E R**

IT IS SO ORDERED.

DATED:  2/27/2007          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE
SANDRA M. SNYDER

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT "A"

## WRITTEN ASSURANCE

STATE OF CALIFORNIA

COUNTY OF _____

    I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 2007, in *Monique Guerrero et al. v. General Motors Corporation, et al.*, that I have been given a copy of and have read the Protective Order and understand its terms.  I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced.  I further agree and attest to my understanding that my obligations to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the court for such a failure.  Further, I agree to subject myself to the jurisdiction of the United States District Court, Eastern District of California in and for any contempt proceeding or other appropriate sanctions as the court may deem proper for a violation of the Court's Protective Order.

    Dated: _____

_____
Signature

_____
Address

8

Case No. 1:06-CV-01539-LJO-SMS
STIPULATION FOR PROTECTIVE ORDER AND PROPOSED ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT "B"**

I, _____, have been provided copies of, or access to, Confidential Information produced pursuant to a Stipulation and Protective Order in the above-captioned action and attest to the following facts:

1. I have read and complied with all the provisions of the Stipulation and Protective Order regarding the Confidential Information.

2. In formulating my opinions or in preparing for trial in the above-captioned action, I have provided the following individuals copies or access to the Confidential Information:

_____

_____

_____.

3. The individuals listed in Paragraph 2 are the only individuals to whom I provided copies of, or access to, the Confidential Information.

4. Before providing the individual listed in Paragraph 2 copies of, or access to, the Confidential Information, I required said individuals to read a copy of the Stipulation and Protective Order and they executed the Agreement annexed thereto as Exhibit "A" to the Stipulation and Protective Order.

5. The individuals listed in Paragraph 2 have returned all copies of documents containing Confidential Information and have executed declarations stating that they have complied with the terms of the Stipulation and Protective Order.

6. I have made no other copies of the Confidential Information provided pursuant to the Stipulation and Protective Order, other than that which has been returned.

7. With this Declaration I have returned all copies of Confidential Information provided to me pursuant to the Stipulation and Protective Order in the above-captioned action and have returned all declarations of those individuals to whom I provided copies of, or access to, the Confidential Information.

8. After submitting this Declaration and the attached Confidential Information to counsel by whom I have been retained and pursuant to the requirements set forth in the Stipulation

PDF created with pdfFactory trial version www.pdffactory.com

1  and Protective Order, I will not retain any copies of documents containing any Confidential
2  Information.
3      9.    I have otherwise complied with all the terms of the Stipulation and Protective Order
4  covering Confidential Information produced in the above-captioned action.
5      I declare under penalty of perjury under the laws of the State of California that the foregoing
6  is true and correct.
7      Executed this _____ day of _____,200\_, at _____,
8  California.

    _____

PDF created with pdfFactory trial version www.pdffactory.com