UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:06-cv-01539-LJO-SMS<br><br>**ORDER ON DEFENDANT TAKATA SEATBELTS INC.'S MOTION TO COMPEL PLAINTIFF MONIQUE GUERRERO TO PROVIDE FURTHER ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSIONS OF FACTS, SET ONE**<br>(Doc. 41)<br><br>**ORDER ON DEFENDANT TAKATA SEATBELTS INC.'S MOTION TO COMPEL PLAINTIFF MONIQUE GUERRERO TO PROVIDE FURTHER ANSWERS TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**<br>(Doc. 43)<br><br>**ORDER ON DEFENDANT TAKATA SEATBELTS INC.'S MOTION TO COMPEL PLAINTIFF ELIZABETH GUERRERO TO PROVIDE FURTHER ANSWERS TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**<br>(Doc. 44) |

　　　On August 29, 2007, Defendant Takata Seatbelts, Inc., filed the two motions to compel Plaintiff Monique Guerrero to provide further answers to requests for admissions (Doc. 41), as well as to provide further answers to interrogatories (Doc. 43).  On

1

September 18, 2007, Plaintiff and Defendant Takata filed joint statements of disputed discovery issues pursuant to Local Rule 37-251 (Docs. 46-48). These two matters were originally set to be heard on September 21, 2007. On September 5, 2007, Defendant Takata filed a motion to compel Plaintiff Elizabeth Guerrero to provide further answers to interrogatories (Doc. 44); the amended joint statement was filed on September 18, 2007 (Doc. 58), with the matter advanced from an October 5, 2007 hearing date to September 21, 2007, the same hearing date as the two other motions regarding Plaintiff Monique Guerrero (Doc. 45).

    The Court took these motions under submission upon the record and briefs on file pursuant to Local Rule 78-230(h) (Doc. 61).

    I.   <u>Motions to Compel Further Answers by Plaintiff Monique Guerrero to Requests for Admissions and Special Interrogatories</u>

        The Court will address these two motions together inasmuch as Defendant Takata argues it accompanied its requests for admissions with special interrogatories, seeking explanations for every RFA not answered with an unqualified admission:

> As to each of YOUR responses to Takata's Requests for Admissions, served concurrently herewith, which is not an unqualified admission, please state each fact upon which YOU base YOUR response.

    Moving party Defendant Takata argues in the herein motions that Plaintiff's responses were insufficient inasmuch as they failed to repeat the explanations for the requests for admissions responses set forth in the special interrogatories again in the admissions responses themselves.

//

2

>Therefore, plaintiffs provided explanations for any denials or partial denials in their response to the Special Interrogatories, Set One, rather than in the body of their RFA responses. Plaintiffs submit the court's determination of the sufficiency of their responses to RFAs should include reference to the interrogatory responses.

It is difficult for the Court to understand the conundrum. It appears to be true that Plaintiff set forth objections, then denied certain requests discussed below. However, it also appears that Plaintiff has complied with Defendant's own directions to Plaintiff that she state the facts and arguments for not being able to admit the request in the accompanying interrogatories. That Plaintiff has not repeated the precise language in each of the discovery tools is not fatal to Plaintiff's responses. Read together, as requested by Defendant, the responses appear to "specify so much of it as is true and qualify or deny the remainder." See FRCP Rule 36(a).

### A. Request for Admission No. 1

Referring to paragraph 16. in Plaintiffs' first amended complaint (Doc. 28) that Defendants "knew that plaintiff's vehicle would be purchased and used without inspection for defects by the purchaser or user," Defendant takes exception with Plaintiff's lodging objections to the request, outright denying it, then setting forth no details as required by FRCP Rule 36(a). Yet, a review of Plaintiff's answer to special interrogatory number one (1) does just that, sets forth with specificity so much of request for admission number one (1) as is true and qualifies and/or denies the remainder. Plaintiffs have done precisely as Defendant desired, have stated in the companion

3

special interrogatory each fact upon which they based their response to the request for admission. It makes no sense to stand on form-over-substance and require that the answer be repeated verbatim in the response to request for admission; the evidentiary value of the response is the same and can be used in trial as though set forth on the same piece of paper.

Defendant's motion to compel further answer to request for admission number one (1) is **DENIED**.

        B.    <u>Request for Admission No. 9</u>

For the same reasons as set forth above, the Court **DENIES** Defendant's request for a further answer to this request. The word "properly" is subject to several iterations each dependent on such variables as philosophies of child rearing, the number of persons riding in a vehicle, their ages, developmental skills, what other cargo may be present in a vehicle, etc. In short, the explanation given is deemed sufficient to support Plaintiff's denial.

        C.    <u>Request for Admission No. 16</u>

For the same reasons as set forth above, the Court **DENIES** Defendant's request for a further answer to this request. The Court accepts the response of Plaintiff and mother of minor Plaintiff, Monique, that she is unable to admit or deny the statement. Further, the Court accepts his word as an officer of the court that Plaintiff's counsel was, as of the due dates of these responses, unable to admit or deny that photographs of Defendant's biomechanical engineer expert accurately depicted the manner in which the subject seatbelt fit Monique at the time of the accident. It may well be that with the production of expert

4

reports, due December 7, 2007 (Doc. 73), the response to this request for admission and corresponding special interrogatory explanation would have been different. Yet, as of the date of submission of Plaintiff's original responses, the explanatory answer appears to be candid and straightforward.

D.   Request for Admission No. 18

The devil is in the details of a request for admission such as this:  First, we are back to the use of the word "properly" previously discussed by Plaintiffs regarding request number nine which responses were accepted by the Court, denying further response due. Beyond that, there is no way to know, for example, whether young Monique would have unfastened or been in the process of unfastening her seatbelt, or was twisting around to talk with or laugh with her siblings or some other person behind her, or whether she was leaning way over and out of any child seat that "properly" was being used in conjunction with any other seatbelt other than the offending one. The answer to this inquiry is for the trier of fact after compiling all of the facts at trial.

Defendant's request for further response to request for admission number eighteen (18) is **DENIED.**

E.   Request for Admission No. 24

Plaintiff is ordered to respond further to this request for admission/supporting special interrogatory number one (1). The Court disagrees with the plea that "the phrase 'when the SUBJECT VEHICLE came to rest after the SUBJECT ACCIDENT' " is vague for purposes of the guardian ad litem and percipient witness Plaintiff Elizabeth Guerrero being able to answer this

5

inquiry on behalf of her daughter, Monique.  Since Plaintiff herself offered the explanatory language "[I]mmediately following the collision Elizabeth Guerrero observed Monique in her seat with the seatbelt, including shoulder harness, properly on her," it begs the question as posed, was Monique "in the second row center seat with her upper body bent over the lap portion of the SUBJECT SEATBELT and her head on or near the center console?" Since by Plaintiff's own admission Elizabeth Guerrero saw her daughter *immediately* after the accident, she either saw Monique bent over the lap portion of the seatbelt with her head on or near the center console or not.

Defendant's motion to compel further answer to request for admission number twenty-four (24) is **GRANTED**.

II. <u>Motion to Compel Further Answers by Plaintiff Elizabeth Guerrero to Special Interrogatories</u>

A. <u>Special Interrogatory No. 1</u>

The information requested by Defendant does not appear to be so proprietary, so inextricably entwined with a privileged or private developing theory of liability that these most basic details of what is depicted in a photograph voluntarily shared with opposing party cannot be and should not be divulged.  If a phone call to the photographer is involved, that does not appear to the Court to be "prematurely seeking the opinions and work product of plaintiffs' expert witnesses."

Defendant's request with regard to special interrogatory No. 1 is **GRANTED**.

//
/

B. <u>Special Interrogatories Nos. 4, 5, and 6</u>

The Court deems these inquiries to be well-taken. And, based on a series of mostly informal telephonic discovery dispute conferences with counsel over many months, the Court is well aware there was some actual witnessing of the seatbelt/ shoulder harness changing condition as well as separate speculations/theories as to what has happened with and to the seatbelt since the accident.  The Court defers an order on these three (3) special interrogatories until after experts' reports are exchanged and following depositions of all experts. Plaintiffs' experts, for example, should and would have opined about the seatbelt based on their sightings and theories. Defendants' expert likewise.  Should these interrogatories still be at issue following experts' reports AND depositions, the Court will revisit these outstanding matters upon request of defense counsel.

The Court hereby **STAYS** any rulings on these special interrogatories until conclusion of expert's depositions.

C. <u>Special Interrogatory No. 12, 13, 14, and 15</u>

Similar to the Court's order regarding special interrogatories 4, 5, and 6, the exceptions taken regarding Plaintiff's responses to these interrogatories will not be ruled upon, if at all, until after experts' reports have been exchanged, reviewed , and depositions have been taken of each such expert.  The information sought is well-taken.  Plaintiffs' experts by now should have addressed the substance of these inquiries.  Due to the time lapse between the original service of these interrogatories, the filing of the motion, and the Court's

preparation of this order, it is believed much if not all of the information sought by virtue of these inquires has been opined, revealed, and otherwise divulged by experts.  Should that not be the case, the Court will entertain revisiting the dispute as to these special interrogatories upon request of defense counsel.

The Court hereby **STAYS** any ruling as to these special interrogatories until conclusion of expert depositions.

Accordingly, it is ORDERED that

1) Defendant Takata's motion to compel Plaintiff Monique Guerrero to provide further answers to Defendant's requests for admissions of fact, set one, numbers 1, 9, 16, and 18 is DENIED, and said motion is GRANTED as to request number 24;

2) Defendant Takata's motion to compel Plaintiff Monique Guerrero to provide further answers to Defendant's special interrogatories, set one, relating to requests for admissions, set one, numbers 9 and 16, is DENIED;

3) Defendant Takata's motion to compel Plaintiff Elizabeth Guerrero to provide further answers to Defendant's special interrogatories, set one, is GRANTED as to number 1 and STAYED as to numbers 4,5,6, 12-15.

IT IS SO ORDERED.

**Dated:    December 12, 2007**             /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE