**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONIQUE GUERRERO, et al., | CASE NO. CV F 06-1539 LJO SMS |
| Plaintiffs, | **ORDER ON JURY INSTRUCTIONS DISPUTE** |
| vs. | |
| GENERAL MOTORS CORP., et al., | |
| Defendants. | |

On March 14, 2008, Defendant General Motors Corporation ("GM") filed a brief regarding jury instructions. GM requested this Court "to reject the untested, underdeveloped, and...legally inaccurate" Judicial Council of California Civil Jury Instructions ("CACI"). Brief re: Jury Instructions, 8:2-3. GM proposed that this Court use the Book of Approved Jury Instructions ("BAJI") and special jury instructions as alternatives to the CACI jury instructions.

On March 21, 2008, Plaintiffs opposed GM's request to substitute the BAJI jury instructions for CACI jury instructions. Plaintiffs argue that GM prefers the BAJI jury instructions because GM "perceive[s] a tactical advantage in the BAJI language. Defendants'[1] arguments do not justify departure from the CACI instructions, which have been rigorously reviewed for legal accuracy and linguistic

---

[1] Although only defendant GM filed this memorandum, Plaintiffs conclude that both defendants GM and Takata Seat Belts, Incorporated ("Takata") prefer the use of BAJI jury instructions, since Takata "has submitted 41 BAJI instructions." Plaintiffs' Response, p.1.

1

clarity and have remained in use for nearly five years." Plaintiffs' Response, 1-2. Plaintiffs refute GM's argument that certain CACI jury instructions are contrary to California law. Plaintiffs argue further that proposed BAJI instructions are outdated or confusing.

The CACI jury instructions are correct statements of law with clear language used to convey complicated concepts. The CACI jury instructions are the result of a six-year effort by a task force charged "to write instructions that are legally accurate and understandable to the average juror." Judicial Council of California, Civil Jury Instructions (Feb. 2008 ed.), p. v. Moreover, the Court is aware of the procedure through which the newer, updated CACI jury instructions were formulated and finds that the updated CACI jury instructions are not underdeveloped and legally inaccurate, as GM argues. Rather, the revisions took into account the opinions expressed in the article attached to GM's memorandum. As Justice Croskey noted in his Preface to CACI Updates: "The impetus for the [CACI] revisions came from several sources including CACI users who detected changes in the law or who simply sought to do a better job of explaining the law in plain English...and [is] the work product of the legal community." *Id.*, p. vii. Therefore, the CACI jury instructions will be used when available.

Accordingly, this Court ORDERS:

1. If the CACI jury instructions cover the subject legal issue, the CACI jury instructions are to be used; and

2. Should CACI **not** have a jury instruction on a subject legal issue, the BAJI jury instructions will be used.

IT IS SO ORDERED.

**Dated:    March 24, 2008**                    /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE