# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, a minor appearing by and through her Guardian Ad Litem Elizabeth Guerrero, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL MOTORS CORP. and TAKATA SEAT BELTS, INC., <br><br> Defendants. <br> _____ / | CASE NO. CV F 05-1539 LJO SMS <br><br> **ORDER ON DEFENDANTS' JOINT AND INDIVIDUAL MOTIONS IN LIMINE** <br> (Docs. 100-107, 109-114) |

On March 25, 2008 at 1:30 p.m. in Courtroom 4 (LJO), this Court heard the motions in limine of Defendants General Motors Corporation ("GM") and Takata Seat Belts, Incorporated ("Takata") (collectively "Defendants"). Plaintiffs Monique Guerrero, a minor by and through her Guardian ad Litem Elizabeth Guerrero ("Monique"), Elizabeth Guerrero, Israel Guerrero, and Jazmine Guerrero (collectively "Plaintiffs") appeared by counsel Douglas L. Gordon and Christopher Watters, Miles, Sears, and Eanni. Defendant GM appeared by counsel Thomas M. Klein and Anthony Samuel Thomas, Bowman and Brooke LLP. Defendant Takata appeared by counsel Michael James Belcher, Hunter Molloy Salcido LLP. This Court ruled on Defendants' joint and individual motions in limine on the record and incorporates that record herein.

///

### Defendants' Joint Motions in Limine

**1. Defendants' Joint Motion In Limine To Preclude Evidence And Argument Regarding the use of "Strict Liability" as a term:** This Court DENIES the motion in limine. However, the term may be defined for the jury to avoid confusion. Thus, if a party requests, the Court will read the jury instruction defining strict liability at any time jury the proceeding.

1

**2.      Defendants' Joint Motion In Limine To Exclude the Audio Portion of the "Day in the Life" Video of Monique:** The Court GRANTS this motion in limine.

**3.      Defendants' Joint Motion In Limine Regarding Dissimilar Accidents:** The Court GRANTS this unopposed motion in limine.

**4.      Defendants' Joint Motion In Limine To Exclude Evidence Or Argument Regarding Defendants' (including Defendants' attorneys and/or witnesses) Wealth, Resources, or Residency:** The Court GRANTS this unopposed motion in limine.

### Defendant GM's Motions in Limine

**1.      Defendant GM's Motion In Limine To Exclude Evidence or Argument Regarding Punitive Damages:** The Court GRANTS and DENIES in part GM's motion in limine. (a) The Court DENIES GM's motion in limine on the issue of whether Michigan law applies. California law will apply. (b) The Court GRANTS in part GM's motion regarding punitive damages and EXCLUDES evidence and argument of punitive damages in the first phase of the trial. (c) The Court DENIES GM's motion regarding punitive damages in the second phase of the trial. GM's motion is tantamount to a Fed. R. Civ. P. 56 motion to preclude the punitive damages issue. The jury could find malice based on the evidence.

**2.      Defendant GM's Motion In Limine To Exclude Evidence or Argument Regarding GM's Advertising for the Tahoe or Any Other GM Vehicle:** The Court GRANTS this unopposed motion in limine.

**3.      Defendant GM's Motion In Limine To Exclude Evidence or Argument Regarding Recall Notice and Service Bulletin:** The Court GRANTS GM's motion to EXCLUDE the use of the word "recall," as to all parties. This motion does not preclude argument related to a recall; however, on party may use the word in their argument.

**4.      Defendant GM's Motion In Limine To Exclude Evidence or Argument Regarding Bowman and Brooke's Involvement in *Davis v. Honda*:** The Court GRANTS GM's motion in full. (a) The Court EXCLUDES evidence or argument regarding Bowman and Brooke's involvement in the *Davis* case. (b) The Court EXCLUDES evidence or argument based on the the October 3, 2002 Order

in *Davis,* which the court vacated.  The Court finds that the October 3, 2002 Order has no legal effect and the October 26 , 2005 does not reinstate its legal effect. (c)  The Court EXCLUDES witness testimony regarding the issue that calls into question Mr. Grazinger's credibility as it relates to the *Davis* case.  Although Fed. R. E. 608(b) allows the introduction of extrinsic evidence in this regard, the Court is finds that introduction of this evidence would be more prejudicial than probative pursuant to Fed. R. E. 403.  Resolution of the issue requires GM's legal partner to testify, along with several other attorneys and experts.  In weighing and balancing the time and the focus of this issue required to determine whether the conduct falls within Fed. R. E. 608(b), the balancing goes to exclude this evidence.

**5.    Defendant GM's Motion In Limine To Exclude Redundant, Irrelevant, and Incompetent Expert Testimony**: The Court DENIES in full GM's motion to exclude the expert opinions of Michelle Hoffman, Carley Ward and William Broadhead.

**Defendant Takatas's Motions in Limine** [1]

**1.    Defendant Takata's Motion In Limine To Exclude Evidence or Argument Regarding References to Nullified Order in *Davis v. City of Auburn***: The Court GRANTS Takata's motion in limine and EXCLUDES evidence or argument related to the vacated order in *Davis*.

**2.    Defendant Takata's Motion In Limine To Exclude Evidence or Argument Regarding References Punitive Damages:** The Court GRANTS and DENIES in part this motion.  The term "punitive damages" may not be referenced, but counsel may present, reference, and argue "malice."

///

///

**3.    Defendant Takata's Motion In Limine To Exclude Evidence or Argument Regarding References to Alleged Spontaneous Retraction of Seat Belt:** The Court DENIES Takata's motion.  However, a proper foundation must be laid before the evidence is given.

**4.    Defendant Takata's Motion In Limine To Limit the Expert Testimony of**

---

[1] GM joins with Takata's first, fourth, and fifth motions in limine.

**William Broadhead Re: Seat Belt Web Guides:** During the oral argument on the motions in limine on March 25, 2008, the Court took this motion under submission, giving counsel additional time (until the morning of March 26, 2008) to provide the Court with additional documentation.  The Court received and reviewed the additional information from counsel and will now rule.

The Court DENIES Takata's motion to exclude the opinion by Plaintiffs' expert, William Broadhead, that the web guides were defective.  The basis of the motion is that there has been no evidence produced to date to establish the foundation for such an opinion.  While there seems to be a discrepancy in the deposition (pg 203, lines 10-18 wherein he testifies that the cause of the webbing to be wound upon the spool in an uneven fashion in the retractor is a "failure of the guides to do their job") vs. (pg 221, lines 1-5 wherein he testifies that he doesn't have an opinion as to whether or not "at this time that specific web guide is defective"), this does not constitute an absence of an opinion.  Rather, this discrepancy provides a ground for vigorous cross-examination.  Ultimately, it will be up to the trier of fact to make the finding of which opinion the expert has, whether it has merit, and whether the witness has credibility.

While the motion is denied, this does not mean that this Court is finding that a foundation has been established for this witness to testify to a particular opinion.  If the foundation is not established before asking for an opinion of this (or any other) witness, and a timely objection is made, the Court will rule at that time.

5. **Defendant Takata's Motion In Limine To Limit Witness Brandon Lang's Testimony Re: Use of Lap and Shoulder Belt:** The Court GRANTS this motion and PRECLUDES witness Brandon Lang to testify about certain specified references to the purported use of the lap and shoulder belt by Monique.

IT IS SO ORDERED.

**Dated:   March 26, 2008**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE