IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, a minor appearing by and through her Guardian Ad Litem Elizabeth Guerrero, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORP. and TAKATA SEAT BELTS, INC.,<br><br>Defendants. / | CASE NO. CV F 05-1539 LJO SMS<br><br>**ORDER ON PLAINTIFFS' MOTIONS IN LIMINE** (Doc. 97) |

This Court heard the motions in limine of Plaintiffs Monique Guerrero, a minor by and through her Guardian ad Litem Elizabeth Guerrero ("Monique"), Elizabeth Guerrero, Israel Guerrero, and Jazmine Guerrero (collectively "Plaintiffs"). Plaintiffs appeared by counsel Douglas L. Gordon and Christopher Watters, Miles, Sears, and Eanni. Defendant General Motors Corporation ("GM") appeared by counsel Thomas M. Klein and Anthony Samuel Thomas, Bowman and Brooke LLP. Defendant Takata Seat Belts, Inc. ("Takata") appeared by counsel Michael James Belcher, Hunter Molloy Salcido LLP. This Court ruled on Plaintiffs' motions in limine on the record and incorporates that record herein.

**1. Plaintiffs' Motion In Limine To Exclude Evidence And Argument Regarding the UCLA medical note, authored by Sandi Lam, M.D. as impermissible hearsay :** This Court GRANTS the motion in limine and EXCLUDES evidence and argument regarding the UCLA medical

1

note, authored by Sandi Lam, M.D, to the effect that Monique Guerrero was wearing a lap belt. The statement is inadmissible hearsay.

**2.    Plaintiffs' Motion In Limine To Limit Evidence and Argument Regarding a reference in a Children's hospital medical note authored by Yvette Segura, Ph.D., re: Monique and the should belt:** This Court DENIES this motion in limine as the Court finds that the Fed. R. E. 803(6) hearsay exception applies.

**3.    Plaintiffs' Motion In Limine To Limit witness Don Jones' testimony re: Monique and the shoulder belt:** This Court GRANTS Plaintiffs' motion in limine and PRECLUDES Mr. Jones to testify regarding what he was told by an unidentified person about how Monique liked to wear the shoulder belt. Mr. Jones lacks the foundation to testify as to the source of the statement. This Court will not reopen discovery to determine the source, as counsel had ample opportunity to take, and did take extensive deposition, of this witness.

**4.    Plaintiffs' Motion In Limine To Limit CHP Officer Ed Smith's Testimony:** This Court GRANTS the motion in limine and PRECLUDES Officer Smith to testify regarding the opinions/comments of another officer.

**5.    Plaintiffs' Motion In Limine To Limit witness Don Jones' opinions re: accident reconstruction or biomechanical engineering:** This Court GRANTS Plaintiffs' motion in limine and PRECLUDES Mr. Jones to testify about accident reconstruction and biomechanical engineering. Mr. Jones lacks the requisite expertise in these areas. Mr. Jones may testify as to what he saw and heard as a percipient witness.

**6.    Plaintiffs' Motion In Limine To Exclude Expert Opinion Testimony of Tom Daniel, Artie Martin, Alisa Gean, M.D., Luis-Gilbert Vezina, M.D., and John Kearns For Failure To Comply With Fed. R. Civ. P. 26(a)(2) Requirements:** This Court DENIES as MOOT this motion in limine as to Alisa Gean, M.D. and Luis-Gilbert Venzina, M.D. Defendants will not call those experts to testify. This Court DENIES Plaintiffs' motion as to Artie Martin, Tom Daniels, and John Kearns. Appropriate notice was given pursuant to Fed. R. Civ. P. 26.

**7.    Plaintiffs' Motion In Limine To Limit/Exclude Expert Opinion Testimony of John Kearns:** This Court DENIES this motion in limine.

2

**8.     Plaintiffs' Motion In Limine To Exclude Evidence And Argument Regarding Notes in expert Kenneth Laughery's file re: Information Received from Plaintiffs' Attorney Douglas Gordon**: This Court RESERVES ruling on this issue. The Court will conduct limited questioning of this witness at the time of trial to determine whether the expert based his opinion on the information received from plaintiffs' attorney. The Court will rule on this motion after the limited questioning to take place during trial, out of the presence of the jury.

**9**.     **Plaintiffs' Motion in Limine to Exclude Evidence of expert Richard Stalnaker as untimely under Fed. R. Civ. P. 26(a)(2)**: This Court DENIES Plaintiffs' motion to exclude the evidence of photographs and sled tests provided by Richard Stalnaker, but ORDERS a supplemental deposition of Dr. Stalnaker may be taken, by telephone, to take place no later than April 1, 2008. Plaintiffs' counsel, by March 26, 2008 at 12:00 noon, must give defense counsel at least 2, preferably 3, options of date and time the deposition may be taken. One of those must be accommodated.

**10.    Plaintiffs' Motion in Limine to Limit Expert Opinion Testimony of Thomas Hedge, M.D.**: This Court GRANTS the motion in limine and LIMITS Dr. Hedge's testimony in the following way:  Dr. Hedge may not offer any testimony quantifying his Life Care Plan.

**11.    Plaintiffs' Motion in Limine to Limit testimony of Rob Cormeier re: dealership's repairs service practices**: The Court took this motion under submission at the oral argument, giving counsel additional time (until the morning of March 26, 2008) to provide the Court with additional documentation. The Court received and reviewed the additional information and will rule as follows:

The Court GRANTS Plaintiffs' motion and EXCLUDES Rob Cormeier as a witness. The basis of this motion is that this witness was untimely designated. The non-expert discovery cutoff was August 24, 2007, pursuant to the scheduling conference order. That date was never moved by the Court. Defendant Takata served a supplemental disclosure of witnesses on October 31, 2007 adding Mr. Cormeier. The reason stated during the March 25, 2008 hearing for the late disclosure does not constitute good cause. The documents provided by Counsel (letter from Mr. Belcher to Mr. Gordon dated October 30, 2007, and two letters from counsel to Magistrate Judge Snyder dated November 1, 2007) show that if non-expert discovery had been allowed by Plaintiffs' counsel, it would have been much more than just one deposition, i.e. the deposition of Mr. Cormeier. Plaintiffs' counsel's decision

1  to not agree to additional non-expert discovery (other than for depositions of specified individuals,
2  specified BEFORE the date for non-expert discovery cutoff set by the court scheduling order) was
3  reasonable and understandable under the circumstances.

4  **12.    Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding child
5  safety seat public education materials and "GM Safe Kids" video**: The Court GRANTS and DENIES
6  in part Plaintiffs' motion.  The "GM Safe Kids" video will not be played, but Defendants are not
7  precluded from talking about the existence of the video and what it portrays, nor from discussing what
8  they are trying to accomplish by producing the video and what message the video intended to convey.

9  **13.    Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding Other
10  Drivers' Driving Propensities on Banducci Road**: The Court GRANTS in part and DENIES in part
11  Plaintiffs' motion.  Counsel may introduce evidence and argument as to conditions of the road that do
12  not change (i.e, grade of the road).  Counsel must also establish a foundation of similar conditions (i.e.,
13  very near that time of the accident and in the same weather conditions) to introduce evidence of driving
14  conditions on Banducci Road.  Counsel is precluded to introduce evidence or argument about driving
15  propensities outside absent the establishment of that foundation.

16  **14.    Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding
17  Plaintiffs' Written Tort Claim against Kern County:** This Court GRANTS this motion in limine and
18  EXCLUDES evidence and argument regarding the written tort claim.  The tort claim is not a statement
19  by Plaintiffs.

20  **15.    Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding
21  Plaintiff Elizabeth Guerrero's residency/citizenship status:** The Court GRANTS this motion, based
22  on Plaintiffs' abandonment of the earnings claim.

23  **16.    Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding the
24  Existence or Absence of Warranty Claims Concerning the Subject Seat Belt:** The Court GRANTS
25  this motion, with the understanding that the parties stipulate not to raise the warranty issue or prior issue.
26  ///
27  ///
28  ///

**17.     Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding the Existence/Absence of consumer claims concerning the subject seat belt:** The Court GRANTS Plaintiffs' motion, with the understanding that the parties stipulate not to raise the warrant issue or prior issue.

IT IS SO ORDERED.

**Dated:   March 26, 2008**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE