# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, *et al.*, | CASE NO. CV F 06-1539 LJO SMS |
| Plaintiffs, | **ORDER REGARDING THE PROPOSED SPECIAL VERDICT FORMS** |
| vs. | |
| GENERAL MOTORS CORP., *et al.*, | |
| Defendants. | |

On March 31, 2008, this Court received Plaintiffs' Special Verdict form and Defendants' Joint Proposed Special Verdict Forms. Pursuant to paragraph W of the Pretrial Order (Doc. 96), the parties were ordered to meet and confer to attempt to reach agreement on the special verdict forms. The parties were ordered to submit their respective proposed special verdict forms, "**[i]f and only if, the parties after reasonable, good faith effort** cannot agree upon certain specific...verdict forms." (emphasis in original). Having read and reviewed the submitted Special Verdict forms, the Court is disappointed in counsel for Plaintiffs, General Motors Corporation ("GM") and Takata Seat Belts, Inc. ("Takata"), for the apparent absence of a meet and confer conference regarding the proposed Special Verdict forms.

Having read and reviewed Plaintiffs' proposed Special Verdict form, the Court is compelled to provide comments. Plaintiffs' Special Verdict Form questions 1, 2, and 3 are internally redundant and confusing. If a neutral question were set forth, the jury would be clear on how to answer based on their findings. <u>For example</u>:

    1.    Was there a defect in the manufacture, design, or failure to warn?
            Yes_____
            No_____

>   If you answer "yes" to question 1, proceed to question 2. If you answered "no" to question 1, proceed to question X.
>
>   2.   Which defendant or defendants do you find <u>against</u> for the defect in manufacture, design, or failure to warn?
>               General Motors Corporation  _____
>               Takata Seat Belts, Inc.          _____

Plaintiffs' Special Verdict Form question 4 excludes the appropriate causation question. Plaintiffs' Special Verdict Form question 6 does not give the jury an option to answer a question (i.e., make a finding) concerning whether plaintiffs Elizabeth and/or Israel Guerrero suffered serious emotional distress. This question also leaves causation on that issue unaddressed. Regarding Plaintiffs' Special Verdict Form question 7, the Court questions whether the inclusion of all three elements (oppression, fraud, and malice) is appropriate based on the facts to be presented. Plaintiffs' Special Verdict Form question 8 is inappropriate, as punitive damages have been bifurcated and will not be included in this special verdict form.

Defendants' joint proposed Special Verdict Forms (one for each plaintiff) are burdensome and oppressive. Special Verdict Forms should be written in plain language and include easy-to-follow instructions. Such clarity requires more time and effort.

For these reasons, this Court:

1. REJECTS both Plaintiffs' and Defendants' Joint Proposed Special Verdict forms;

2. ORDERS all parties to meet and confer and to make best efforts to provide the Court and jury with an adequate verdict form; and

3. ORDERS the parties to re-submit a proposed Special Verdict form **no later than Thursday, April 3, 2008 at 2 p.m.**

IT IS SO ORDERED.

**Dated:   April 1, 2008**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

2