**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONIQUE GUERRERO, *et al.*, | CASE NO. CV F 06-1539 LJO SMS |
| Plaintiffs, | **ORDER ON DEFENDANT GM'S MOTION TO CLARIFY OBJECTIONS RE: GAY KENT TESTIMONY** |
| vs. | |
| GENERAL MOTORS CORP., *et al.*, | |
| Defendants. | |

On March 31, 2008, Defendant General Motors Corporation ("GM") objected to Plaintiffs' designation of deposition testimony Gay Kent (Docs. 165). GM raised 21 objections to the designated deposition testimony of Gay Kent, but provided no legal authority to support the objections nor any explanation as to why the testimony was improper. Pursuant to Paragraph R(6) of this Court's Pretrial Order (Doc. 96), this Court overruled GM's objections to the designated deposition testimony of Gay Kent, based on the absence of legal specificity and/or authority. (Doc. 187).

On April 2, 2008, GM moved for leave to clarify its objections to the Gay Kent deposition testimony (Doc. 197). Plaintiffs filed an opposition to GM's motion to exclude the Gay Kent deposition. (Doc. 198). The Court considered GM's motion for leave to clarify and Plaintiffs' opposition to GM's

1

objections, and issues the following order.

This Court has already ruled on the subject of GM's objections in the motions in limine. On March 25, 2008, this Court granted GM's motion in limine number three ("motion in limine ruling") and precluded the use of the word "recall" at trial. GM objects to Gay Kent's deposition testimony, because the word "recall" appears "over a dozen times."

Plaintiffs' opposition to GM's objections addresses in a satisfactory way how the testimony and video have been changed to comply with this Court's motion in limine ruling. Plaintiffs redacted the word "recall" from the relevant exhibits. Plaintiffs edited the video to omit that word wherever it appears.

GM acknowledges Plaintiffs' attempts to comply, but continues to raise these objections. GM wishes to either exclude Gay Kent's deposition testimony in full or substitute the phrase "field action" to replace the word "recall" in Gay Kent's deposition testimony, if this testimony is read at trial. The Court finds that the substitution of the word is impractical and would distract the jury by calling attention to the substituted phrase. The Court is satisfied that the proposed efforts by Plaintiffs, described more fully above, will bring Gay Kent's deposition testimony in compliance with this Court's motion in limine ruling.

For this reasons, this Court:

(1) GRANTS GM's motion for leave to clarify its objections to the Gay Kent deposition testimony (Doc. 197); and

(2) OVERRULES GM's objections to the Gay Kent deposition testimony.

IT IS SO ORDERED.

**Dated:   April 3, 2008**                     **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE

2