1

2

3

4

5

6

7　　　　　　　　　　**IN THE UNITED STATES DISTRICT COURT**

8　　　　　　　　　**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10　MONIQUE GUERRERO, *et al.*,　　　　　　CASE NO. CV F 06-1539 LJO SMS

11　　　　　　　　Plaintiffs,　　　　　　**ORDER ON OBJECTIONS  TO TESTIMONY OF LEONARD DEHART AND JORGE A. LAZAREFF, M.D.** (Docs. 177, 179, 189)

12

13

14　　　vs.

15　GENERAL MOTORS CORP., *et al.*,

16　　　　　　　　Defendants.

17 _____/

18　　　　On March 28, 2008, Defendants General Motors Corporation ("GM") and Takata Seat Belts, Inc.

19　("Takata") (collectively "Defendants") counter-designated Jorge A. Lazareff, M.D. ("Dr. Lazareff") and

20　Officer Leonard DeHart ("Officer DeHart") as witnesses.  Defendants also objected to and moved to

21　strike portions Plaintiffs' designation of Dr. Lazareff's and Officer DeHart's deposition testimonies.

22　Plaintiffs objected to Defendants' counter-designation on April 1, 2008.  Having considered Defendants'

23　and Plaintiffs' objections, and reviewed the relevant portions of the deposition testimonies, this Court

24　rules as follows:

25　　　　　**Defendants' Objection to the Deposition Testimony of Officer DeHart (Doc. 177)**

26　　　(1)　　This Court SUSTAINS Defendants' objection to page 33, lines 10-12, as the testimony

27　　　　　　　calls for hearsay.  This Court OVERRULES Defendants' relevance objection as to page

28　　　　　　　33, lines 10-12.

1

**Plaintiffs' Objections to the Deposition Testimony of Officer DeHart (Doc. 189)**

(1)    This Court OVERRULES and SUSTAINS in part Plaintiffs' objection to page 23, line 9 through page 25, line 7 (23:9-25:7). This Court OVERRULES the objection as to: (a) page 23, lines 13-17; (b) page 23, line 24 through page 24, line 13 (23:24-24:12); and (c) page 24, line 22 through page 25, line 7 (24:22-25:7). This Court SUSTAINS the objection as to all other portions of the testimony identified in this objection.

(2)    This Court SUSTAINS Plaintiffs' objection to page 41, lines 6-15. The question found at page 40, lines 22-25 is compound (see objection at page 41, line 4). Without the question, the answer has no meaning. Therefore, this Court STRIKES page 41, lines 6-15.

**Defendants Objections to the Deposition Testimony of Dr. Lazareff (Doc. 179)**

(1)    This Court GRANTS Defendants' motion to strike page 9, lines 4-7 after the word "Yes." The balance of the testimony is non-responsive and not a natural explanatory flow of the question asked.

(2)    This Court DENIES Defendants' motion to strike page 19 line 18 through page 20 line 6 (19:18-20:6). Defendants argue that the balance of the answer after "Yes it is" is non-responsive. This Court finds that Dr. Lazareff's testimony is a logical flow sequence after his "Yes it is" response. This is a classic example of a missed obligation by defense counsel to object at the time of the deposition to avoid an unjust result. The issue could have, and should have, been cleared up at the deposition if there were a serious objection.

(3)    This Court DENIES Defendants' motion to strike page 23, lines 4-14. Defendants' argue that this Court should strike "the statement of counsel and the answer of the witness," because Defendants' assert that no question was asked. Defendants argue that the last question, at page 23, lines 2-3, was asked and answered. This Court finds that the question asked at page 23, lines 2-3 was a collateral and minor question which interrupted the deponent's response before and after the response to that question. That minor and collateral question do not cut off the deponent's ability to complete the answer that began at page 22, line 8.

**Plaintiffs' Objections to the Deposition Testimony of Dr. Lazareff (Doc. 189)**

(1)     This Court SUSTAINS Plaintiffs' objection to page 28, lines 5-25.  Submission of this testimony violates a stipulation among the parties not to solicit information or present evidence concerning amounts paid to consultants or experts to testify in this case.

IT IS SO ORDERED.

**Dated:     April 3, 2008**                        **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE

3