IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>    Defendants.<br>_____ / | CASE NO. CV F 06-1539 LJO SMS<br><br>**ORDER ON PLAINTIFFS' OBJECTIONS TO TESTIMONY OF WILLIAM MALOPOLSKI AND MIGUEL CONTRERAS**<br>(Docs. 189, 190) |

On March 28, 2008, Defendants General Motors Corporation ("GM") and Takata Seat Belts, Inc. ("Takata") (collectively "Defendants") designated the deposition testimony of Miguel Contreras and counter-designated the deposition testimony of William Malopolski.  Plaintiffs objected to and moved to strike portions of William Malopolski's deposition testimonies on April 1, 2008.  Plaintiffs counter-designated the deposition testimony of Miguel Contreras and objected to portions of Miguel Contreras' deposition testimony designated by Defendants. Having considered Plaintiffs' objections, and reviewed the relevant portions of the deposition testimonies, this Court rules as follows:

**Plaintiffs' Objections to the Deposition Testimony of William Malopolski (Doc. 189)**

(1) This Court GRANTS and DENIES in part Plaintiffs' motion to strike page 54, line 9 through page 55, line 3 (54:9-55:3). This Court STRIKES page 54, lines 14-20 ("...had been completed and...") only.  This testimony is hearsay and not the sort allowed to be cited by an expert.  However, the discussion with "Lisa" reinforced the deponents own recollection, is not hearsay, and is therefore not stricken.

(2) This Court SUSTAINS and OVERRULES in part Plaintiffs' objection to page 86, line

11 through page 88, line 1 (86:11-88:1).  This Court sustains Plaintiffs' objection as to page 86, line 11 through page 87, line 4 (86:11-87:4).  This Court overrules Plaintiffs' objection as to the rest of the testimony identified in this objection.

(3) This Court OVERRULES Plaintiffs' objection to page 88, lines 3-25.  While the testimony is subject to examination and cross-examination, the threshold foundation exists for the answer given.

(4) This Court OVERRULES Plaintiffs' objection to page 92, lines 10-24.  The comments of counsel constitute either questions or clarifications.  All have as their origin the question at page 91, lines 17-20.  When placed in context, the object to portions withstand the basis fro the objections.

**Plaintiffs' Objections to the Deposition Testimony of Miguel Contreras (Doc. 190)**

(1) This Court OVERRULES Plaintiffs' objection to page 6, line 13 through page 7, line 14 (6:13-7:14).  Plaintiffs bases their objection on hearsay.  The questions are not asked for the truth of what Plaintiffs' counsel said, but rather to either discover possible bias of the witness or to discover the source of the witness' knowledge.

(2) This Court OVERRULES Plaintiffs' objection to page 27, lines 6-12, on the grounds stated.  This testimony is not impermissible hearsay.

(3) This Court SUSTAINS Plaintiffs' objection to page 83, line 20 through page 84, line 19 (83:20-84:19).  This testimony is irrelevant.

IT IS SO ORDERED.

**Dated:     April 3, 2008**                              **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE