## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, *et al.*, | CASE NO. CV F 06-1539 LJO SMS |
| Plaintiffs, | **COURT'S RESPONSE TO PLAINTIFFS' ANSWERING BRIEF TO DEFENDANTS' TRIAL BRIEFS** |
| vs. | |
| GENERAL MOTORS CORP., *et al.*, | |
| Defendants. | |

### PREFACE

It should be abundantly clear to all counsel that this Court has ruled on all legal issues that to date have been raised. The only exceptions are objection that must be raised during the normal course of the trial (i.e, foundation of experts and for exhibits). These objections will be ruled upon at trial. The Court has ruled on all issues raised to date (with the aforementioned exceptions) to avoid disturbing the jury unnecessarily during the course of the trial.

This Court does not move the jury in and out of the Courtroom on a whim. Most matters should have been taken care of by appropriate pretrial motions. One exception to this is Plaintiffs' motion in limine #8 concerning expert Kenneth Laughery's notes about a telephone conversation with Plaintiffs' counsel. That out-of-the-presence-of-the-jury hearing will take place when it has no impact of the jury's day. Counsel are cautioned any requests to raise issues outside the presence of the jury during trial must be accompanied by **good cause**.

It is with this backdrop that this Court responds to the concerns voiced in the Plaintiffs' answer to Defendants' trial briefs.

### Takata's Position on Experts Hoffman and Ward

The Court has ruled on this issue and does not plan to revisit it except to rule on timely and appropriate objections to expert opinions on the foundational issues already discussed on the record.

### GM's "State of the Art" Issue

The case of *Grimshaw v. Ford Motor Co.*, 119 Cal. App. 3d 757 (1981), and subsequent cases that have addressed the issue, controls. In the strict products liability portion of the case, "state of the art" evidence is inadmissible. This ruling does not extend to other claims made by Plaintiffs wherein "state of the art" evidence may apply.

### GM's FELA/Jones Act Analogy

The analogy is not well-received by this Court. Whether moot or not (due to an absence of jury instructions on the issue), the Court hereby clarifies the matter: The jury will not be apprised of the effect of their apportionment of fault.

IT IS SO ORDERED.

**Dated:   April 3, 2008**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE