# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, *et al.*, | CASE NO. CV F 06-1539 LJO SMS |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION RE: WITNESS RON MONIS** (Doc. 211) |
| vs. | |
| GENERAL MOTORS CORP., *et al.*, | |
| Defendants. | |

Defendants General Motors Corporation and Takata Seat Belts, Inc. ("Defendants") moved for reconsideration of this Court's April 3, 2008 order overruling Defendants' objections to Plaintiffs' designation of Ron Monis as a trial witness. Defendants argue that this Court committed error by finding that Defendants failed to object in a timely manner to Plaintiffs' designation of Ron Monis as a trial witness. This Court ordered additional briefing on this motion. Pursuant to the Order on Additional Briefing Regarding witness Ron Monis (Doc. 217), Plaintiffs filed a response to Defendants' motion for reconsideration (Doc. 219). The Court read and considered Defendants' opposition, Plaintiffs' response to Defendants' opposition, Defendants' motion for reconsideration and Plaintiffs' response to the instant motion for reconsideration.

Defendants object to Plaintiffs' designation of Ron Monis ("Mr. Monis") as a witness. Defendants argue that this Court should exclude Mr. Monis as a witness, because Plaintiffs' did not identify Mr. Monis as a witness until February 2008, after the non-expert discovery cut-off. Defendants argue further that Mr. Monis should be excluded because Plaintiffs failed to disclose Mr. Monis as a witness pursuant to Fed. R. Civ. P. 26. Defendants point out that they objected to Mr. Monis as a witness when he was first identified by Plaintiffs in February 2008.

Plaintiffs do not disagree with Defendants regarding when Mr. Monis was first disclosed as a witness. Plaintiffs assert that they were not required to identify Mr. Monis as a witness prior to the filing

of the Joint Pretrial Statement, as Mr. Monis is a foundational witness, analogous to a custodian of records. Plaintiffs argue that Defendants' posture of refusing to answer certain interrogatories put them in the position of relying on public records. Plaintiffs argue that Defendants' position required the testimony of Mr. Monis to lay the foundation as to where those public documents were acquired and to identify the entries of earnings and profits.

Based on Defendants position on the issue and formal responses to the relevant interrogatories, the preferable solution would have been for Plaintiffs to bring a timely motion to compel or Defendants' to bring a timely request for a protective order. Neither was done.

The Court finds that based on the background provided by Plaintiffs in their response to this Court's order for additional briefing, Plaintiffs were not required to disclose Mr. Monis as a witness pursuant to Fed. R. Civ. P. 26. Mr. Monis is a foundation witness only and will be permitted to testify in this limited capacity. Mr. Monis will be permitted to testify in this limited role in the second phase of this bifurcated trial, if the case proceeds to the second phase. If the case does not proceed to the second phase, this order will have no impact. Moreover, if counsel stipulate as to the worth of the Defendant, this Order becomes moot.

For the foregoing reasons, this Court:

(1) GRANTS in part and DENIES in part Defendants' motion for reconsideration regarding this Court's order on Defendants' objections to Mr. Monis as a witness (Doc. 211); and

(2) LIMITS Mr. Monis to testify only as a custodian of records, for the purpose of attempting to authenticate the records and to establish their admissibility.

IT IS SO ORDERED.

**Dated:   April 4, 2008**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE