IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, *et al.*, | CASE NO. CV F 06-1539 LJO SMS |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION TO EXCLUDE WITNESS BRANDON MAYNARD** (Doc. 222) |
| vs. | |
| GENERAL MOTORS CORP., *et al.*, | |
| Defendants. | |

**Introduction**

Plaintiffs Monique Guerrero, Israel Guerrero, Jazmine Guerrero, and Elizabeth Guerrero ("Plaintiffs") move to exclude witness Brandon Maynard, named by Defendants General Motors ("GM") Corporation and Takata Seat Belts, Inc. ("Takata") (collectively "Defendants"). Plaintiffs argue that Brandon Maynard should be excluded as a witness because he was not disclosed as a witness by any party on Initial or Supplemental Disclosures, and has never been deposed. Defendants opposed this motion and contend that Plaintiffs' motion should be denied, because: (1) Plaintiffs had notice of Brandon Maynard as a witness; (2) Defendants disclosed Brandon Maynard as a joint witness in the Joint Pretrial Statement and is named in the Pretrial Order; (3) any prejudice to Plaintiffs for failure to depose Brandon Maynard is self-inflicted; and (4) Plaintiffs' objection is untimely and waived. For the following reasons, this Court DENIES Plaintiffs' motion to exclude the testimony of Brandon Maynard.

**Background**

Brandon Maynard was the Three Way Chevrolet ("Three Way") manager in 2007. Three Way Chevrolet is the car dealership from which Plaintiffs bought their 2005 Chevrolet Tahoe. Three Way also conducted a repair on the seat belt at issue in this case. Brandon Maynard no longer works at Three Way and lives in Boise, Idaho.

Plaintiffs learned of Brandon Maynard in March 2007 when they contacted Three Way regarding the a different service advisor who appeared on the invoice for the recall repair done by Fernando Granados on August 17, 2005. Plaintiffs noticed a deposition for Brandon Maynard on April 26, 2007, and served him with a subpoena. On April 12, 2007, Brandon Maynard contacted Plaintiffs and explained he was unavailable to testify as scheduled. During the April 12, 2007 phone call, Brandon Maynard informed Plaintiffs that he had no knowledge regarding the recall repair and identified Fernando Granados as the technician who performed the repair. Plaintiffs cancelled the April 26, 2007 scheduled deposition. Plaintiffs did not reschedule Brandon Maynard's deposition. Thereafter, Plaintiffs listed Brandon Maynard as a non-retained expert witness in their December 6, 2007 Expert Disclosure.

On February 20, 2008, the parties filed a Joint Pretrial Statement. Brandon Maynard is listed as a potential witness, and is listed as a witness for Plaintiffs, GM and Takata. (Pretrial Statement, 23). Brandon Maynard is listed as a joint fact witness in this Court's Pretrial Order, filed March 5, 2008. (Pretrial Order, 33).

On March 25, 2008, this Court heard the parties motions in limine. On April 2, 2008, GM and Takata filed separate witness lists, each naming Brandon Maynard as a witness. On April 7, 2008, Plaintiffs moved to exclude Brandon Maynard as a witness. On April 8, 2008, Defendants opposed Plaintiffs' motion.

**Discussion**

**Disclosure and Notice of Brandon Maynard as a Witness**

Plaintiffs had notice of Brandon Maynard as a witness since March 2007. Plaintiffs scheduled his deposition on April 26, 2007. Plaintiffs cancelled that deposition, and chose not to reschedule it.

Nevertheless, Plaintiffs listed Brandon Maynard as a witness in their December 2007 disclosure. Thus, Plaintiffs' prejudice, if any, based on their failure to depose Brandon Maynard, is self-inflicted.

Plaintiffs assert that Brandon Maynard should be excluded, because Defendants failed to disclose him as a witness. While there is no evidence that Defendants disclosed Brandon Maynard as a witness in an initial or supplemental disclosure, Brandon Maynard is listed as a **joint** fact witness in the Joint Pretrial Statement and the Pretrial Order of March 2008. Thus, at some point, Defendants did disclose to Plaintiffs that they intended to call Brandon Maynard as a witness and complied, at least in part, with Fed. R. Civ. P. 26.

**Timeliness of Objection**

Plaintiffs failed to object timely to Defendants' designation of Brandon Maynard as a witness. Plaintiffs allowed Brandon Maynard to be listed as a joint witness in the Joint Pretrial Statement, without objection. Plaintiffs failed to move in limine to exclude Brandon Maynard. Plaintiffs failed to object during the pre-trial motions. Defendants filed their witness lists on April 2, 2008. Plaintiffs waited until the first day of trial to file this objection. Thus, any objection Plaintiffs may have had has been waived.

**Prejudice**

Since Brandon Maynard is not scheduled to testify until April 28, 2008, Plaintiffs have ample time to prepare a cross-examination. Therefore, Plaintiffs' prejudice, if any, can be overcome.

## Conclusion and Order

Because Plaintiffs had notice and opportunity, Plaintiffs failed to timely object, and any prejudice can be overcome, this Court DENIES Plaintiffs' motion to exclude witness Brandon Maynard.

IT IS SO ORDERED.

**Dated:   April 9, 2008**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE