IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE GUERRERO, *et al.*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>GENERAL MOTORS CORP., *et al.*,<br><br>  Defendants.<br>_____/ | CASE NO. CV F 06-1539 LJO SMS<br><br>**ORDER ON PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTIONS ON THE ISSUE OF AGENCY** |

### INTRODUCTION

Plaintiffs propose to include three CACI jury instructions on agency: (1) the definition of vicarious liability; (2) the proof of the existence of agency when disputed; and (3) the elements when tort liability is asserted against a principle (collectively "agency jury instructions"). Plaintiffs argue that Defendant General Motors Corporation ("GM") is responsible for the alleged negligent acts of Fernando Granados ("Mr. Granados"), because: (1) the work performed by Mr. Granados was a belated part of the manufacturing process in which Mr. Granados worked as an authorized agent for GM; and (2) GM can not delegate its responsibility to manufacture a defect-free product to Three Way Chevrolet ("Three Way") or Mr. Granados. Defendants oppose the proposed agency jury instructions, on grounds that: (1) Plaintiffs' agency theory is a surprise theory asserted on the eve of trial that, if allowed, would cause undue prejudice; (2) based on the contractual agreement between Three Way and GM, Three Way and its employees are not GM's agents for purposes of performing recall work; (3) Mr. Granados had no actual authority to act as GM's agent; and (4) there is no evidence that Mr. Granados committed negligent conduct. For the reasons discussed below, this Court finds that based on the testimony and

1

evidence provided, a jury could find that Mr. Granados was negligent when acting as GM's agent for a limited purpose. Therefore, agency jury instructions are appropriately included. This Court finds further that the Ninth Circuit Model Civil Jury Instructions on agency shall be included, as they are more neutral and more accurately describe the positions of both Plaintiffs and Defendants. Accordingly, this Court GRANTS and DENIES in part Plaintiffs' request to include agency jury instructions.

## BACKGROUND

### Procedural

On April 3, 2008, Plaintiffs moved for leave to include three agency jury instructions. Plaintiffs asserted that these instructions were inadvertently omitted. On April 4, 2008, this Court ordered additional briefing on Plaintiffs' proposed agency jury instructions. On April 7, 2008, Plaintiffs and Defendants filed their additional briefs. The Court heard argument on the motion on April 8, 2008. This Court granted Defendants' request to supplement their argument and Plaintiffs' request to respond. On April 9, 2008, Defendants filed their supplement and Plaintiffs filed their response. The Court ordered the parties to file a declaration to inform this Court of the results of the April 11, 2008 inspection of the seat belt and its webbing. The parties filed their declarations on April 14, 2008.

### Factual

The disputed agency issue is narrow and relates only to Mr. Granados. Mr. Granados, an employee at the General Motors authorized dealership, Three Way Chevrolet, performed a repair on the Plaintiffs' seat belt pursuant to a GM field action on the 2005 Chevrolet Tahoe's second row middle seat belt. Mr. Granados has been a GM-trained mechanic for over 30 years. The parties dispute whether Mr. Granados introduced a twist in the webbing of the seat belt when he performed the repair on Plaintiffs' 2005 Chevrolet Tahoe.

On April 8, 2008, Mr. Granados testified in this ongoing jury trial that he performed a repair on Plaintiffs' 2005 Chevrolet Tahoe pursuant to GM's Product Safety Bulletin #05037 (07/14/2005) (Exhibit P 1051). GM issued the service bulletin to direct "dealers...to eliminate the seat belt loop by removing the safety belt from the loop and stitching the loop closed." GM's bulletin provided a detailed, 10-step process to perform the repair. The detailed instructions included diagrams. Mr. Granados testified that he followed the instructions in the bulletin in performing the task, testifying numerous

times that the work, as well as the manner of how the work was to be done, was "required" by GM. He testified that GM mandated the procedures be followed pursuant to their instructions. The procedure included making certain that there was no twist introduced during the upholstery loop repair.

Both the amount of time allowed to be spent on the repair was dictated, and the cost for the repair was paid totally by General Motors.

On April 11, 2008, the parties performed an inspection of Plaintiffs' seat belt. A 180-degree twist in the seat belt webbing was found. This confirmed that the Agency issue remains as a viable issue, and the Court must rule on the jury instructions in dispute.

## ANALYSIS

### Plaintiffs' Disclosure and Defendants' Prejudice

Plaintiffs argue that they disclosed the agency theory previously by alleging that Defendants defectively manufactured the seat belt. Plaintiffs argue further that the agency contention is found in the Pretrial Statement and Order (a superceding pleading), wherein Plaintiffs reassert that Defendants defectively manufactured the seatbelt, the seat belt was jammed in the retractor, and that Defendants were both negligent and strictly liable for the seat belt's condition. (Pretrial Order, 3).

Defendants introduced the issue of a third-party actor's negligence in twisting the seat belt webbing. In the Joint Pretrial Statement and Pretrial Order, Defendants contended that "the seat belt jammed because someone introduced a twist in the webbing which was manipulated past the web guide and onto the retractor spool." (Pretrial Order, 6). Defendants have had ample time and opportunity to prepare this defense, which would include Plaintiffs' opposition and reaction to their contention. Moreover, by expert testimony and deposition, all parties were made aware of the possibility of a twist in the seat belt webbing at the time Mr. Granados worked on the seat belt, and Defendants had time during discovery to pursue the ramifications of that suggestion. Thus, there was neither surprise nor prejudice. Therefore, this Court will not preclude the proposed jury instructions on these grounds.

### Agency

"Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

3

The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control." *van't Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 571 (2003). Thus, the "formation of an agency relationship is a bilateral matter. Words or conduct by both principal and agent are necessary to create the relationship." *Id.* (quoting *Hanks v. Carter & Higgins of Cal., Inc.*, 250 Cal. App. 2d 156, 163 (1967)).

The existence of an agency relationship between Mr. Granados and GM is a question of fact. The limited issue presented is whether there is evidence to support a finding by the jury that: (a) Mr. Granados acted as GM's agent in performing the repair; and (2) Mr. Granados was negligent. For the reasons described more fully infra, this Court finds that a jury could find that Mr. Granados acted as GM's agent and acted negligently.

**Dealership Agreement**

GM argues that, as a matter of law, GM's dealership agreement does not create an agency relationship between GM and its dealers. GM argues that pursuant to its contractual duties and the Dealership agreement, GM provided the dealership with adequate warnings in the form of a field action. GM contends that the contractual agreement between GM and Three Way establishes that while GM is responsible for giving the dealership notice, the dealership is responsible for performing the service properly. Three Way agreed that: "All service will be performed and administered in a professional manner and in accordance with all applicable laws and regulations." GM Dealer Sales and Service Agreement (Service Agreement, §5.2.2). Three Way further agreed "to maintain adequate service and parts organization as recommended by GM, including competent, trained service and parts managers, trained service and parts personnel." (*Id.*) GM "will make available dealer current service and parts manuals, bulletins, and technical data. (*Id.* at §5.2.5).

Plaintiffs' agency contention relates to Mr. Granados only. Plaintiffs' argue that Mr. Granados was GM's agent for the limited purpose of performing the repair pursuant to GM's service bulletin. Moreover, the current situation is distinguishable from ordinary service provided by the dealership. Mr. Granados performed his repair pursuant to a bulletin issued by GM, which contained mandates, not recommendations. Finally, the authority relied upon by GM relates to indemnity, not agency. As such, Defendants' arguments related to Three Way Chevrolet are inapplicable and distinguishable.

**Mr. Granados as GM's Agent**

Plaintiffs argue that Defendants' obligations to manufacture a defect-free product were non-delegable. "'[A] manufacturer is strictly liable in tort when an article he places on the market ... proves to have a defect that causes injury to a human being." *Vandermark v. Ford Motor Co.*, 61 Cal.2d 256, 261 (1964). Plaintiffs argue that this Court should include the additional jury instructions, because: (1) Defendants have a duty to manufacture a defect-free product and may not delegate that responsibility to Three Way or Mr. Granados to escape liability under a products liability theory; and (2) Mr. Granados' work on the seat belt was a belated part of Defendants' manufacturing process. Plaintiffs assert that defendants, or one of them, by way of recall (or "field action"), required the dealership to repair the seatbelt loop in the vehicle so that alterations deemed necessary by defendants could be made. In doing so, Plaintiffs contend, Defendants authorized Mr. Granados to do the alterations. Plaintiffs' arguments relate to strict, rather than vicarious, liability.

"An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency." Cal. Civ. Code §2295 (1985 & Supp. 2005). "An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent." *van't Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 572 (2003). "Actual authority is such as a principal intentionally confers upon an agent, or intentionally or by want of ordinary care allows the agent to believe himself to possess." Cal. Civ. Code §2316. "An agent will normally have the authority to do everything necessary or proper and usual in the ordinary course of business for effecting the purpose of his agency. Cal. Civ. Code §2319.

GM argues that Mr. Granados had no actual authority to act as GM's agent. GM argues that "the evidence is dubious, at best, that the GM service bulletin is somehow equated to GM's control over the conduct of how Mr. Granados actually performed the repairs." According to the state of the evidence, GM provided the V.I.N. that allowed the notice to the dealer of the field action required to be performed on the plaintiffs' 2005 Tahoe. The field action, pursuant to GM's notice, was mandatory, and it was required to be performed pursuant to the specifications provided by GM. The GM-trained mechanic, Mr. Granados, performed the repair in the specific manner dictated in the service bulletin from GM. GM paid for the work done by the technician. This question of agency is a question of fact for the jury

to decide.

**Evidence of Negligent Conduct**

At the April 11, 2008 seat belt inspection, a twist in the seat belt webbing was found. Defendants contend that based on Plaintiffs' evidence that a reasonable jury could not conclude that Mr. Granados placed a "twist" in the Guerreros' seat belt, and that the assertion is both speculative and conjectural. Defendants argue that Mr. Granados could not have introduced the twist. As discussed more fully above, this is a question of fact to be decided by the jury.

**Agency Jury Instructions**

Plaintiffs' proposed agency jury instructions read:

### CACI 3700

A corporation is responsible for harm caused by the wrongful conduct of its agents while acting within the scope of their authority

### CACI 3701

Plaintiffs claim that Fernando Granados was Defendant GM's agent and that Defendant is therefore responsible for Fernando Granados' conduct.

If Plaintiffs' prove that Defendant GM gave Fernando Granados authority to act on its behalf, then Fernando Granados was Defendant's agent. This authority cannot be shown by the words of Fernando Granados alone.

### CACI 3705

Plaintiffs claim that they were harmed by Fernando Granados' negligence.

Plaintiffs also claim that Defendant GM is responsible for the harm because Fernando Granados was acting as Defendant's agent when the incident occurred.

If you find that Fernando Granados' negligence harmed Plaintiffs, then you must decide whether Defendant is responsible for the harm. Defendant is responsible if Plaintiffs prove both of the following:

    (1)    That Fernando Granados was Defendant's agent; and

    (2)    That Fernando Granados was acting within the scope of his agency when he harmed Plaintiffs.

The Court finds that the Ninth Circuit Model Civil Jury Instructions on Agency are more neutral and more accurately reflect the positions of both parties. Therefore, the Court will include the following three agency jury instructions:

**4.4: DEFINITION OF AGENT AND PRINCIPLE:** An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

**4.5 AGENT—SCOPE OF AUTHORITY DEFINED:** An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**4.10: PRINCIPAL SUED BUT NOT AGENT—AGENCY OR AUTHORITY DENIED**

The defendant GM is sued as a principal. The plaintiff claims that Fernando Granados was acting as GM's agent. GM denies that Fernando Granados was acting as GM's agent and denies that Fernando Granados was acting within the scope of authority.

If you find that Fernando Granados was the agent of GM and was acting within the scope of authority, then any act or omission of Fernando Granados was the act or omission of GM.

If you find that Fernando Granados was not acting within the scope of authority as GM's agent, then you must find for GM on this issue.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiffs' request to include jury instructions on the issue of agency and INCLUDES the Ninth Circuit Model Civil Jury Instructions 4.4, 4.5, and 4.10, as modified and written in this order.

IT IS SO ORDERED.

Dated:   April 14, 2008              /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE